# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| UNITED SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>BANI AUTO GROUP, INC., et al.,<br><br>Defendants. | Case No. 18-cv-01649-BLF<br><br>**ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS; GRANTING DEFENDANTS' MOTIONS TO STAY**<br><br>[Re: ECF 25, 29] |

Before the Court are Defendants' motions to dismiss or stay this action until resolution of the San Mateo County Superior Court case entitled *Patrick Elizabeth Joy Wright, et al. v. Club Sportiva, Inc., et al.*, No. 17-CIV-02816 (the "Wright Action"). *See* Wright Mot., ECF 25; Bani Mot., ECF 29. Plaintiff United Specialty Insurance Company opposes both motions in largely identical oppositions. Wright Opp., ECF 28; Bani Opp., ECF 53. The Court heard argument on the motions on October 4, 2018. As set forth below, the Court DENIES Defendants' motions to dismiss and GRANTS Defendants' motions to stay.

## I. BACKGROUND

The facts relevant to the present action date back to June 2017. On June 26, 2017, Defendants Patrice Wright, Johnathan Wright, Nicholas Wright, and Christopher Wright (collectively, "the Wrights") filed a wrongful death action in San Mateo County Superior Court against Defendants Club Sportiva, Inc., Drive a Dream, Inc., and Bani Auto Group, Inc., as well as the California Department of Transportation entitled *Patrick Elizabeth Joy Wright, et al. v. Club Sportiva, Inc., et al.*, No. 17-CIV-02816 (the "Wright Action"). Compl. ¶ 21, ECF 1. The operative complaint in the Wright action, the Second Amended Complaint (*id.*, Ex. 3 ("Wright

SAC"), ECF 1-3)[1], filed on January 11, 2018, names as defendants Defendants Club Sportiva, Inc., Drive a Dream, Inc., Bani Auto Group, Inc., and Sia Bani (collectively, "Bani Defendants"), as well as the Department of Transportation and Doe defendants.

The Wright SAC alleges that the Bani Defendants ran an "Exotic Car Tour," whereby individuals could lease or rent exotic vehicles and tour California roads. Wright SAC ¶ 10. On September 6 and 7, 2016, David Michael Wright "rented a certain 2010 Ferrari California from [Bani Defendants]" and participated in the Exotic Car Tour, during which the vehicle lost traction "due to an over heat-cycled and dangerously hardened right rear tire that was fitted on the vehicle." *Id.* ¶ 16. The Wright SAC alleges that Defendant Club Sportiva "engaged in the rental of luxury cars to members of the general public for individual use or in the Exotic Car Tour," *id.* ¶ 1, and that Defendants Bani Auto Group, Inc. and Sia Bani "engaged as an auto dealer and in the business of renting and leasing passenger cars." *Id.* ¶¶ 2, 3. It also alleges that the Bani Defendants "are all agents, servants and employees of all the other Defendants." *Id.* ¶ 7. Due to these alleged action, the Wrights brought the following causes of action against each Bani Defendant: (1) Negligence; (2) Products Liability; (3) Breach of Express Warranty; (4) Breach of Implied Warranty; and (5) Failure to Warn. *See generally id.*

The Wright SAC asserts two discernible theories of liability. The first arises from the alleged defect in the Ferrari's tires and the Bani Defendants' failure to properly protect Mr. Wright from the defect. *See, e.g.*, *id.* ¶ 10 (alleging Bani Defendants knew or should have known tires were defective); *id.* ¶ 23 (products liability claim based on "defects in [Ferrari's] handling characteristics, vehicle dynamics, suspension and tires due to an over heat-cycled right rear tire that had become dangerously hardened"); *id.* ¶ 43 (failure to warn claim based on failure to warn about "vehicle's dangerous and defective tires"). The second theory of liability arises from the alleged conditions of the roads travelled on the Exotic Car Tour and Bani Defendants' failure to properly protect Mr. Wright from these conditions. *See, e.g.*, *id.* ¶ 11 (alleging the Bani Defendants knew or should have known "through inspection of the proposed route, that the course

---

[1] The SAC is erroneously labeled as the Third Amended Complaint. *See* Bani Mot. at 1.

selected for the Exotic Car Tour was dangerous and contained dangerous conditions"); *id.* ¶ 43 (failure to warn claim based on failure to warn about "pavement edge drop-offs").

On March 16, 2018, Plaintiff United Specialty Insurance Company ("USIC") brought the present action against Defendants. In the Wright Action, Defendants Bani Auto and Sia Bani tendered their defense to USIC, which was accepted pursuant to a reservation of rights. Compl. ¶ 24. USIC issued an auto dealers policy to Bani Auto Group, Inc. and Sia Bani & Company, LLC as the first named insureds effective from June 17, 2016 to June 17, 2017 ("the Policy"). *Id.* ¶ 15. The Policy was later amended to add Bani Investments, LLC d/b/a Bani Auto Group as a named insured. *Id.* In applying for this policy, Defendant Bani Auto Group stated that "it engaged in 20% 'Retail' and 80% 'CAR STORAGE'" and that it did not "Loan, Lease or Rent autos to others." *Id.* ¶¶ 13, 14.

The Policy provides coverage for claims made against insureds for "bodily injury," which includes "death resulting from" bodily injuries. *Id.* ¶ 16. The Policy also requires USIC to provide a defense to its insureds in actions asserting such claims. *Id.* The Policy defines "insureds" in part as employees of insureds. *Id.* The Policy also includes three exclusions and a limitation of coverage endorsement relevant to this action:

**(1) Athletic or Sports Participants, Sponsors, or Observers (the "Sports Exclusion")**
"Bodily injury" to any person while practicing for; promoting; participating in; observing; or officiating at:
    **a.** Any sports or athletic contest; or
    **b.** Any athletic endeavor; or
    **c.** Any sports or athletic exhibition;
whether:
    **d.** You sponsor, either by providing financial, promotional or technical support or by only lending the use of your name, or by assisting in the planning, promotion or execution of that event, contest or exhibition, or
    **e.** You are not a sponsor but you or your "employees" or guests are participants.

**(2) Tires**
    **a.** "Bodily injury" or "property damage" arising out of or resulting from:
        **(1)** The sale, installation or repair of used, recapped or retread tires; or
        **(2)** Tires, which at the time of sale, are older than recommended by manufacturer's guidelines; or
        **(3)** Tires that have been recalled; or
        **(4)** The inspection or lack of inspection of any tires; or

**(5)** The failure of any "insured" or anyone else for whom any "insured" is or could be held liable to issue warnings relating to the condition of any tires; or

**(6)** Any other cause of action or chain of events arising out of or as a result of **a.(1)**, **a.(2)** or **a.(3)** above.

**b.** We shall have no duty to defend or indemnify claim, demand, "suit", action, litigation, arbitration, alternative dispute resolution, or other judicial or administrative proceeding seeking damage, equitable relief or administrative relief of any actual or alleged injury described in item **a.** above.

**(3) Leased, Rented or Loaned Autos ("Leased Autos Exclusion")**

Any covered "auto":
**(1)** Leased to others; or
**(2)** Rented to others; or
**(3)** Loaned to others.

Any "auto" bearing a dealer plate or tag in which the dealer plate or tag has been:
**(1)** Leased to others; or
**(2)** Rented to others; or
**(3)** Loaned to others.

**(4) "Limitation of Coverage – Schedule of Operations"**

**SCHEDULE OF OPERATIONS**

| Description of Operations | |
|---|---|
| 7812 – Auto Storage – No Repair | $ Included |
| 7358 – Consignment Sales | $ Included |
| 7358 – Dealers – Used Autos | $ Included |

Coverage available under this policy is available only if the following additional requirements are met:

A. The coverage provided by Section I – Covered Autos Coverages, paragraph D., Covered Autos Liability Coverages and Section II – General Liability Coverages, Coverage A. Bodily Injury and Property Damage Liability and Coverage B. Personal and Advertising Injury, applies only if the actual and/or alleged "bodily injury", "property damage" or "personal and advertising injury" is caused by or results from the operations shown in the Schedule above.

However, for Section I – Covered Autos Coverages, paragraph D., Covered Autos Liability Coverage, if this limitation is deemed to be unenforceable, the maximum Limit of Insurance for Covered Autos Liability Coverage is the financial responsibility limit of the state where the "accident" or "loss" occurred.

B. The coverage provided by Section III – Acts, Errors, or Omissions Liability Coverages, A. Coverage applies only if the "act, error or omission" caused by or resulting from the operations shown in the Schedule above.

Coverage for operations not shown above can only be covered if agreed to, in

4

writing by us as evidenced by an endorsement to this policy.

*See id.* ¶¶ 17–18. *See generally id.*, Ex. 2 ("Policy"), ECF 1-2.

Based on this policy and the facts alleged in the Wright SAC, USIC brings the following claims in this action: (1) Policy Rescission; (2) Declaratory Relief re No Duty to Defend; (3) Declaratory Relief re No Duty to Defend; (4) Declaratory Relief re No Duty to Indemnify; (5) Declaratory Relief re No Duty to Indemnify; (6) Recoupment of Defense Expenses; and (7) Recoupment of Indemnity Payments. *See* Compl. ¶¶ 25–44. Specifically, USIC seeks rescission of the policy because Defendants Bani Auto, Sia Bani LLC, Bani Investments, and Sia Bani allegedly made material misrepresentations on their application for the Policy, including that they did not lease, loan, or rent vehicles or run Exotic Car Tours. *See id.* ¶ 26. USIC also seeks declaratory relief that it has no duty to defend or indemnify the Bani Defendants under the four exceptions listed above or Defendant Club Sportiva as an insured. *See id.* ¶¶ 29–40. Finally, it seeks recoupment of defense expenses and indemnity payments made in the Wright Action. *See id.* ¶¶ 41–44.

On May 25 and June 8, 2018, respectively, the Wrights and the Bani Defendants moved to dismiss or stay this action pending resolution of the Wright Action.[2]

## II. MOTION TO DISMISS OR STAY UNDER *BRILLHART* AND *COLORADO RIVER*

Defendants move to stay or dismiss this action pursuant to the jurisprudential principles enumerated by the United States Supreme Court in *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942).

The Declaratory Judgment Act states that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . *may* declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a) (emphasis added). As a preliminary matter, the Act requires that there be an actual case or controversy over which the district court has subject matter jurisdiction. *Id.*; *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 (9th Cir. 1998) (en banc). Both of these requirements are met, as this Court has

---

[2] The Court need not and does not take judicial notice of any adjudicative facts and thus denies Defendants' requests for judicial notice. *See* Wright Req. Judicial Not. ISO Mot., ECF 25-3; Bani Req. Judicial Not. ISO Mot., ECF 30; Wright Req. Judicial Not. ISO Reply, ECF 48-1.

subject matter jurisdiction pursuant to 28 U.S.C. § 1332, and there is a dispute between Plaintiff and Defendants concerning the scope and applicability of the Policy and USIC's duty to defend the Bani Defendants. Even so, the language of the Declaratory Judgment Act is "deliberately cast in terms of permissive, rather than mandatory, authority," *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 250 (1952) (J. Reed, concurring), and a district court is vested with the discretion to dismiss declaratory judgment actions based on prudential concerns. A motion to dismiss an otherwise appropriate suit for declaratory judgment is accordingly addressed to discretion of the court. *Brillhart*, 316 U.S. at 494; *Dizol*, 133 F.3d at 1225.

However, the Ninth Circuit has recognized that "when other claims are joined with an action for declaratory relief (e.g., bad faith, breach of contract, breach of fiduciary duty, rescission, or claims for other monetary relief), the district court should not, as a general rule, remand or decline to entertain the claim for declaratory relief." *Dizol*, 133 F.3d at 1225. The fundamental question the Court must answer is whether the non-declaratory claims "exist independent of any request for purely declaratory relief"—that is, whether the non-declaratory claims "would continue to exist if the request for a declaration simply dropped from the case." *Snodgrass v. Provident Life & Acc. Ins. Co.*, 147 F.3d 1163, 1168 (9th Cir. 1998) (per curiam). The Ninth Circuit has held that claims for rescission are independent of declaratory claims, such that district courts have a "'virtually unflagging' obligation to exercise jurisdiction." *First State Ins. Co. v. Callan Assocs.*, Inc., 113 F.3d 161, 163 (9th Cir. 1997) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 816 (1976)); *see also United Nat. Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1113 (9th Cir. 2001). This Court is bound by those decisions in this case. Because USIC asserts a claim for rescission, the Court cannot dismiss the claims under *Brillhart*.

Instead, where there are mixed declaratory relief claims and independent claims, the Court must analyze whether it may dismiss or stay the claims under the jurisdictional doctrine set forth in *Colorado River*, 424 U.S. at 816. *See Scotts Co. LLC v. Seeds, Inc.*, 688 F.3d 1154, 1159 (9th Cir. 2012) (finding district court abused its discretion when it applied *Brillhart* instead of *Colorado River* where some claims were independent). The Court must find "exceptional circumstances" to abstain from hearing claims under the *Colorado River* doctrine. 424 U.S. at 813.

6

The Ninth Circuit has enumerated various factors for determining whether exceptional circumstances exist under *Colorado River*. *See R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 978 (9th Cir. 2011) (listing factors). Most importantly here, exceptional circumstances require that the state court proceeding and federal proceeding be "sufficiently parallel[]" and "substantially similar." *Id.* at 982. "[T]he existence of a substantial doubt as to whether the state proceedings will resolve the federal action precludes a *Colorado River* stay or dismissal." *Id.* (internal quotation omitted). Here, there is substantial doubt that the Wright Action and this action are sufficiently parallel. USIC is not a party to the Wright Action, and the tort claims in that suit are distinct from the contract and insurance claims brought in this suit. *See Hanover Ins. Co. v. Poway Acad. of Hair Design, Inc.*, 174 F. Supp. 3d 1231, 1236 (S.D. Cal. 2016). Resolution of the Wright Action will clearly not resolve USIC's rescission or recoupment claims. As such, the Court cannot dismiss under *Colorado River*.

For these reasons, the motions to dismiss are DENIED.

### III. MOTION TO STAY UNDER *LANDIS*

Defendants alternatively move to stay this action pursuant to California law governing declaratory relief actions under *Montrose Chemical Corp. v. Superior Court*, 6 Cal. 4th 287 (1993), or pursuant to the Court's inherent powers to stay proceedings as set forth in *Landis v. North American Co.*, 299 U.S. 248 (1936). *See generally* Bani Mot.; Wright Mot.

As an initial matter, the Court finds that the appropriate standard to apply in this case is the *Landis* standard, not the *Montrose* standard. This Court has diversity jurisdiction over these claims pursuant to 28 U.S.C. § 1332. Compl. ¶ 1. Federal courts sitting in diversity apply federal procedural law and state substantive law. *See Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938). Because a stay of an action is procedural, not substantive, the Court applies Federal law to determine whether to grant a stay. *Accord James River Ins. Co. v. W.A. Rose Constr., Inc.*, No. 18-CV-02030-SI, 2018 WL 3023408, at *4 (N.D. Cal. June 18, 2018); *AIX Specialty Ins. Co. v. FerraTex, Inc.*, No. 16-CV-01023-SBA, 2017 WL 4856869, at *7 & n.2 (N.D. Cal. June 9, 2017); *Scottsdale Ins. Co. v. Grant & Weber*, No. CV-16-610-MWF, 2016 WL 7469636, at *3 (C.D. Cal. Apr. 21, 2016). That said, California law can help inform the Court's application of the *Landis*

factors to this case.

District courts have the "discretionary power to stay proceedings." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis*, 299 U.S. at 254). This power is "incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. The court may "find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (quoting *Levya v. Certified Grocers of Cal., Ltd.*, 593 F.2d 863–64 (9th Cir. 1979)).

In determining whether to grant a stay, "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *CMAX*, 300 F.2d at 268 (citing *Landis*, 299 U.S. at 254–55). "Among these competing interests are [1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id*. In addition, the "proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255). If there is "even a fair possibility" of harm to the opposing party, the moving party "must make out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255.

The Court discusses each factor in turn.

**A.    Possible Prejudice from Granting Stay**

USIC argues that it will be prejudiced by a stay for two reasons. First, it has an interest in "avoiding the payment of defense costs not actually owed." Bani Opp. at 15; Wright Opp. at 14. And second, knowing which party—USIC or Bani Defendants—is "liable for a judgment" can help "facilitate settlement and avoid the complexity of a settlement contingent on a subsequent resolution of the coverage issues." Bani Opp. at 15; Wright Opp. at 14.

Numerous courts in this district have held these reasons do not establish prejudice sufficient to warrant a stay. *See, e.g.*, *United Specialty Ins. Co. v. Meridian Mgmt. Grp., Inc.*, No.

8

1 15-CV-01039-HSG, 2016 WL 1534885, at *2 (N.D. Cal. Apr. 15, 2016) ("If the Coverage Action ultimately is determined in USIC's favor, USIC will be able to recover the costs and fees of defending Meridian after the underlying action is resolved."); *State Nat'l Ins. Co., Inc. v. US-SINO Inv., Inc.*, No. 5:13-CV-05240-EJD, 2015 WL 5590842, at *5 (N.D. Cal. Sept. 23, 2015) (granting stay in part because Plaintiff insurer would not be "preclude[d] from seeking reimbursement of defense fees and costs" after the state action resolved). In accordance with those courts, this Court finds that this factor does not weigh against a stay, as USIC can be fully reimbursed for the funds it spends in defending Bani Defendants should such reimbursement be warranted.

### B. Possible Hardship or Inequity from Denying Stay

The Court next considers the possible harm that could arise from going forward. *CMAX*, 300 F.2d at 268. The Court must consider potential prejudice to both the Bani Defendants and the Wrights. As the alleged insureds, the Bani Defendants arguments are three-fold. First, they argue that they will be forced to litigate on two fronts, expending substantial resources in both cases. Bani Mot. at 9. Second, they argue that the results of this case might collaterally estop them from contesting issues in the Wright Action. *Id.* And finally, they argue that this action could force them to take an inconsistent position with their position in the Wright Action, especially since they might be forced to help the Wrights generate new theories of liability against them that fall outside the Policy. *Id.* The Wrights, who are not the insured in the underlying action, assert their own hardships. Namely, they argue that they "will be deprived of prosecuting their action in their chosen state court forum, they must incur significant attorneys fees and costs fighting the declaratory relief action, and will have their efforts split between two separate cases." Wright Reply at 6–7, ECF 48.

As to the Bani Defendants' two-front war argument, "[c]ourts are split on whether the second *Landis* factor favors granting a stay . . . where a defendant contends that it will be prejudiced in a third party action if required simultaneously to litigate coverage with its insurer." *Evanston*, 2011 WL 13220156, at *7–*8 (citing cases). Many courts have held such an argument insufficient to demonstrate prejudice. *See, e.g.*, *United Specialty*, 2016 WL 1534885, at *2 (noting that Ninth Circuit has held that "defending a suit without more does not constitute a clear case of

9

hardship or inequity within the meaning of *Landis*." (quoting *Lockyer*, 398 F.3d at 1112)); *accord Scottsdale Ins.*, 2016 WL 7469636, at *5. Likewise, the estoppel argument is not particularly persuasive, considering estoppel issues are a consideration seemingly any time a stay is considered. By contrast, the Bani Defendants' argument that they might be forced to take inconsistent positions is more persuasive. To best argue that the Policy exclusions do not apply, the Bani Defendants might benefit from reading the Wright SAC expansively, arguing *for* various theories of their own liability in the Wright Action. The need to take conflicting positions could thus cause prejudice absent a stay.

The potential prejudice to the Wrights is more apparent. The Wrights are not the insured, but USIC has named them in this action nonetheless. While the need for the insured to fight a two-front war is a questionable source of prejudice, the need for the plaintiffs in the underlying action to fight such a war or to face issues of collateral estoppel is more substantial because it "deprive[s] [them] of the right to have factual issue adjudicated in their chosen forum—state court." *See US-SINO*, 2015 WL 5590842, at *5. The Wrights chose to bring their tort suit in state court but are now being forced to reallocate resources from that action to this federal action. This prejudice is even more stark when the Court considers that this action has little, if anything, to do with the Wrights at all. Thus, the Wrights would suffer substantial prejudice should this action not be stayed.

This factor thus weighs in favor of a stay.

### C. Orderly Course of Justice

The Court now addresses the third, and last, of the *Landis* factors—whether a stay will complicate or simplify the issues before it. The parties spend most of their time arguing this factor, albeit under the umbrella of California law. The parties essentially agree that the key question here is whether this Court would have to make factual and legal determinations in this case that would overlap with factual and legal determinations that the state court must make in the Wright Action. *See Montrose*, 6 Cal. 4th at 909–10. USIC argues that the Court would not have to make such determinations. According to USIC, this action does not overlap with the Wright Action because (1) at issue in this action is not the Bani Defendants' liability but rather "whether

the insureds made material misrepresentations in the Application for the Policy" (as to the rescission claim); and (2) because the Court can determine issues of coverage based solely on "comparison of two documents: the operative complaint filed by the Wrights and the Policy issues by United Specialty" (as to the remaining claims). Wright Opp. at 11; Bani Opp. at 11–12. The Defendants respond that this Court must make factual determinations that directly overlap with the factual determinations that must be made in state court as to both the rescission claim and the coverage issues for each exclusion and the status of Club Sportiva as an insured. *See* Wright Mot. at 12–21; Bani Mot. at 7–8.

Other courts have engaged in the same inquiry—asking whether the two cases factually and/or legally overlap—to determine if a stay is appropriate. *Compare United Specialty*, 2016 WL 1534885, at *2 (granting stay where "several policy coverage disagreements, including the applicability of coverage limitations, . . . rel[ied] on disputed underlying facts") *and US-SINO*, 2015 WL 5590842, at *4 (granting stay where coverage determination based on exclusions would require court to delve into "issues and factual determinations overlap[ping] with the state civil proceedings," including "facts surrounding the circumstances of the decedent's accident"), *with Scottsdale Ins.*, 2016 WL 7469636, at *5 (denying stay where "Defendants ha[d] not provided any examples of factual issues in the Underlying Action that would be determinative of factual issues in [the federal] action") *and Evanston*, 2011 WL 13220156, at *9–*10 (denying stay where "neither party believe[d] the case turn[ed] on extrinsic information that may have been provided to [the insurer] at the time the underlying actions were tendered, or on whether the allegations of the state court plaintiffs ha[d] merit"). The Court thus determines whether there is sufficient factual and legal overlap between the cases that staying this action will best serve judicial economy.

As to the rescission claim, USIC argues that the underlying facts have nothing to do with Wright Action. According to USIC, the issues and facts in this case will turn on whether the relevant Bani Defendants misrepresented at the *time of applying* that they did not engage in certain activities that would have been material to USIC's decision to insure them. *See* Bani Opp. at 12; Wright Opp. at 11. But that argument is belied by the nature of this action and USIC's arguments thus far. This action was brought in response to the Wright Action, and USIC has consistently

11

argued that it will rely only on the Wright SAC and the Policy to make its arguments here. USIC thus ostensibly intends to argue that because the relevant Bani Defendants engaged in the activities alleged in the Wright SAC, they must have misrepresented their operations at the time they applied to be insureds. This question thus turns on whether and to what extent the relevant Defendants engaged in the actions alleged in the Wright SAC, such that the discovery in that case will be directly relevant and duplicative here.

As to the exclusions, first, nothing in the Wright SAC or the Policy establishes whether the Exotic Car Tour is properly classified as an athletic or sports event under the Sports Exclusion. At most, the Wright SAC describes the Exotic Car Tour as a means of "experience[ing] six exotic luxury cars over 120 miles of California's best back roads." Wright SAC ¶ 10. Undoubtedly discovery is required to determine the nature of the event and whether it can appropriately be classified as an athletic or sports event. Moreover, the policy only excludes such events if an insured sponsors or participates in the event. Compl. ¶ 17. Thus, discovery would be required to determine who organized, ran, and participated in the event. Both types of discovery will be at issue in the state court as well, as they are relevant to the Wrights claims that Bani Defendants caused Mr. Wright's death.

Second, looking to the face of the Complaint would be insufficient to determine that the Tires Exclusion absolves USIC wholesale of its duty to defend. Though one theory of liability under the Wright SAC is a defective tire, the Wrights also allege the Bani Defendants failed to protect Mr. Wright with respect to the road conditions. *Id.* ¶¶ 11, 43. Thus, discovery would be required to determine whether there was a need to cover the Bani Defendants with respect to the road conditions theory of liability. As in the state court action, discovery on this theory of liability will require discovery into the road conditions themselves and the roles of the Defendants in the event, including who was responsible for examining the road and running the event.

The Court considers the third and fourth exclusions together: the leased autos exclusion and the limitation of coverage to certain activities, not including leasing or renting. Unlike the other exclusions, this exclusion is clearly applicable on the face of the Wright SAC alone. In the Wright SAC, each Defendant is alleged to have rented or leased the vehicle for the Exotic Car

12

Tour. *See id.* ¶¶ 1–3. However, while California law may hold that sufficient to warrant not staying insurers' claims of no duty to defend, *see Montrose*, 6 Cal. 4th at 299, the primary question for this Court under *Landis* is whether a stay would conserve judicial resources. Though USIC believes it could bring a summary judgment motion on just the Wright SAC and Policy alone, the reality is that the Bani Defendants (and perhaps the Wrights) must provide evidence of whether they, or any of them, did or did not rent or lease vehicles for the Exotic Car Tour. These questions will also be necessary in the Wright Action, such that discovery there could resolve the need for similar discovery in this case.

Finally, USIC seeks to have this Court determine that Club Sportiva was not an insured. But again, this would require discovery into the relationship of the Bani Defendants. The Wright SAC states that the Bani Defendants "are all agents, servants and employees of all the other Defendants." *id.* ¶ 7, and insureds' employees are covered by the Policy, Compl. ¶ 16. Thus, on its face, the Bani Defendants may be sufficiently related to warrant finding Club Sportiva to be an insured. Discovery will be necessary to determine whether such a finding would be appropriate. This same discovery will be at issue in the Wright Action, where the relationship of the Bani Defendants will be critical to determining liability.

Accordingly, the Court finds that this third factor weighs in favor of granting a stay.

## IV. ORDER

In light of the above, because two factors favor a stay and the third is neutral, the Court finds that Defendants have met the burden of establishing the need for a stay. The Court thus GRANTS Defendants' motions to stay until the Wright Action is resolved. The parties are to file a status report in this action every 180 days beginning from the date of this Order until the Wright Action resolves. For the reasons stated above, Defendants' motions to dismiss are DENIED.

**IT IS SO ORDERED.**

Dated: October 23, 2018

_____
BETH LABSON FREEMAN
United States District Judge

13