1
2
3
4

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| UNITED SPECIALTY INSURANCE COMPANY, | Case No.  18-cv-01649-BLF |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; AND DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| v. | |
| BANI AUTO GROUP, INC.; CLUB SPORTIVA, INC. f/k/a DRIVE A DREAM, INC.; and SIAVOSH BANIHASHEMI a/k/a SIA BANI, | [Re:  ECF 162, 164] |
| Defendants. | |

United Specialty Insurance Company ("United") filed this action to recoup $1,000,000 that it paid to settle a wrongful death suit brought against its insureds Siavosh Banihashemi ("Bani"), Bani Auto Group, Inc. ("Bani Auto"), and Club Sportiva, Inc. ("Club Sportiva") (collectively, "Bani Defendants").  *See* Compl., ECF 1.  This Court granted United's motion for summary judgment, finding the Bani Defendants jointly and severally liable for reimbursement of the $1,000,000 settlement.  *See United Specialty Ins. Co. v. Bani Auto Grp., Inc.* ("*Bani I*"), No. 18-CV-01649-BL, 2021 WL 4170780, at *10 (N.D. Cal. Sept. 14, 2021).

Only Bani appealed, arguing that this Court erred in finding him jointly and severally liable for reimbursement of the settlement along with Bani Auto and Club Sportiva.  *See United Specialty Ins. Co. v. Banihashemi* ("*Bani II*"), No. 21-17042, 2023 WL 2400877, at *1 (9th Cir. Mar. 8, 2023).  The Ninth Circuit agreed, holding that "a finding of joint and several liability may ultimately be appropriate for all three Bani Defendants," but concluding that there was a material

United States District Court
Northern District of California

issue of fact regarding proper allocation of the settlement that precluded a finding of joint and several liability against Bani on the record before it.  *See id.*  The Ninth Circuit vacated the summary judgment ruling and remanded "for further proceedings, which may include additional factual development, on the question of whether Bani is jointly and severally liable as a joint tortfeasor or as an alter ego of the other Bani Defendants."  *Id.*

Now before the Court are the parties' post-remand cross-motions for summary judgment.  United again seeks summary judgment against the Bani Defendants, asserting that Bani is jointly and severally liable for reimbursement of the $1,000,000 both as a joint tortfeasor in the underlying action and as an alter ego of Bani Auto and Club Sportiva.  *See* Pl.'s Mot., ECF 166.  The Bani Defendants seek partial summary judgment on two issues, first that United cannot produce evidence of its allocation of the $1,000,000 settlement, and second that Bani is not jointly and severally liable for reimbursement of the settlement.  *See* Defs.' Mot., ECF 162.

For the reasons discussed below, United's motion for summary judgment is GRANTED and the Bani Defendants' motion for partial summary judgment is DENIED.

## I.    BACKGROUND

The underlying action arose from the death of David Wright while he was driving a Ferrari automobile in an Exotic Car Tour organized by the Bani Defendants.  The Ferrari went off the side of the road, resulting in a fatal wreck.  David Wright's widow, Patrice Wright, filed two state court actions, San Mateo County Superior Court Case No. 17CIV02816 ("*Wright I*") and San Mateo County Superior Court Case No. 18CIV04730 ("*Wright II*"), that ultimately were consolidated into a single suit against Bani, Bani Auto Group, and Club Sportiva ("the *Wright* action").  *See* Greer Decl. Ex. 1 (*Wright I* SAC); Ex. 4 (*Wright II* Compl.); Ex. 7 (*Wright* Settlement Agreement), ECF 166.  The *Wright* action alleged among other things that David Wright rented the Ferrari to drive in an Exotic Car Tour; he lost control of the Ferrari and was killed when it crashed; and his death was caused by negligence on the part of Bani, Bani Auto, and Club Sportiva in the maintenance of the Ferrari and the selection of the route for the Exotic Car Tour.  *See* Greer Decl. Ex. 1 (*Wright I* SAC); Ex. 4 (*Wright II* Compl.).  The Bani Defendants tendered the defense of the *Wright* action to their insurer, United, which accepted the tender under a

1   reservation of rights.  United settled the *Wright* action on behalf of the three Bani Defendants for

2   the policy limit of $1,000,000.  *See* Greer Decl. Ex. 7 (*Wright* Settlement Agreement).

3         United thereafter filed the present federal court action against the Bani Defendants and two

4   related entities, asserting claims for:  (1) policy rescission, (2) declaratory relief re no duty to

5   defend, (3) declaratory relief re no duty to defend, (4) declaratory relief re no duty to indemnify,

6   (5) declaratory relief re no duty to indemnity, (6) recoupment of defense expenses, and

7   (7) recoupment of indemnity payments.  *See* Compl., ECF 1.

8         This Court granted summary judgment for United on Claims 4 and 7, determining that the

9   claims in the *Wright* action are not covered under the policy and that United is entitled to

10   reimbursement of the $1,000,000 settlement it paid on behalf of the Bani Defendants under a

11   reservation of rights.  *See Bani I*, 2021 WL 4170780, at *10.  The Court entered judgment for

12   United and against Bani, Bani Auto Group, and Club Sportiva, jointly and severally, in the amount

13   of $1,000,000 plus prejudgment interest.  *See* Judgment, ECF 90.  The Court dismissed the two

14   other defendants and also dismissed Claims 1, 2, 3, 5, and 6 of United's complaint.  *See* Order,

15   ECF 89.

16         Only Bani appealed the summary judgment ruling, arguing that this Court should not have

17   found him jointly and severally liable for reimbursement of the $1,000,000 settlement along with

18   Bani Auto and Club Sportiva.  *See Bani II*, 2023 WL 2400877, at *1.  The Ninth Circuit agreed

19   and vacated the judgment, finding that there was a material issue of fact regarding allocation of the

20   $1,000,000 settlement among the Bani Defendants.  *See id.*  The Ninth Circuit remanded for

21   further proceedings on the allocation issue, including factual development on the question of

22   whether Bani is jointly and severally liable for reimbursement of the settlement, either as a joint

23   tortfeasor in the *Wright* action or as an alter ego of Bani Auto and Club Sportiva.  *See id.*

24         Upon issuance of the mandate, this Court reopened the case, held a case management

25   conference, and reopened discovery.  *See* Orders, ECF 119, 128.  The parties engaged in discovery

26   for nearly two years before filing and briefing the present cross-motions for summary judgment on

27   the allocation issue.

28

United States District Court
Northern District of California

1

## II.    LEGAL STANDARD

"A party is entitled to summary judgment if the 'movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *City of Pomona v. SQM North America Corp.*, 750 F.3d 1036, 1049 (9th Cir. 2014) (quoting Fed. R. Civ. P. 56(a)). "The moving party initially bears the burden of proving the absence of a genuine issue of material fact." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case." *Id.*

"Where the moving party meets that burden, the burden then shifts to the non-moving party to designate specific facts demonstrating the existence of genuine issues for trial." *Oracle*, 627 F.3d at 387. "[T]he non-moving party must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor." *Id.* "The court must view the evidence in the light most favorable to the nonmovant and draw all reasonable inferences in the nonmovant's favor." *City of Pomona*, 750 F.3d at 1049. "'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" *Id.* (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

When the parties file cross-motions for summary judgment, the court reviews each motion "separately, giving the nonmoving party for each motion the benefit of all reasonable inferences." *Brunozzi v. Cable Commc'ns, Inc.*, 851 F.3d 990, 995 (9th Cir. 2017) (internal quotation marks and citation omitted).

## III.    DISCUSSION

The Ninth Circuit vacated the prior judgment based on its determination that "[o]n the record before the district court, United Specialty was not entitled to summary judgment as a matter of California law." *Bani II*, 2023 WL 2400877, at *1. Citing the two lead California cases[1] on

---

[1] California's substantive insurance law governs in this diversity action. *See Encompass Ins. Co. v. Coast Nat'l Ins. Co.*, 764 F.3d 981, 984 (9th Cir. 2014).

United States District Court
Northern District of California

allocation, *LA Sound USA, Inc. v. St. Paul Fire & Marine Ins. Co.*, 156 Cal. App. 4th 1259 (2007), and *Axis Surplus Ins. Co. v. Reinoso*, 208 Cal. App. 4th 181 (2012), the Ninth Circuit found that the evidence then before this Court was not "sufficient to establish that United Specialty engaged in 'a detailed analysis of how the indemnity costs were spent.'" *See Bani II*, 2023 WL 2400877, at *1 (quoting *LA Sound*, 156 Cal. App. 4th at 1273). On that basis, the Ninth Circuit concluded that there was a material issue of fact regarding allocation of the $1,000,000 settlement amount among the insureds. The Ninth Circuit remanded the case to this Court for further proceedings, including further factual development as to whether Bani is jointly and severally liable for repayment of the settlement amount "as a joint tortfeasor" in the underlying *Wright* action, or "as an alter ego of the other Bani Defendants." *Id.*

Following remand, the parties engaged in discovery for almost two years, which has resulted in a more fully developed record. On the current record, the parties have filed cross-motions for summary judgment or partial summary judgment, addressed in turn below. Before taking up those substantive motions, however, the Court addresses the parties' requests for judicial notice and objections to evidence.

### A.    Requests for Judicial Notice

"The court may judicially notice a fact that is not subject to reasonable dispute," either because it "is generally known within the trial court's territorial jurisdiction," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

### 1.    United's Requests for Judicial Notice (ECF 166, 168)

United has filed requests for judicial notice with both its motion for summary judgment and its opposition to the Bani Defendants' motion for partial summary judgment. *See* Pl.'s RJNs, ECF 166, 168.

In both requests, United asks the Court to take judicial notice of filings from the *Wright* action and other documents: (1) the second amended complaint in *Wright I*; (2) the complaint in *Wright II*; (3) the California Highway Patrol's report on David Wright's accident; (4) the request for dismissal of Bani in *Wright I*; (5) the settlement agreement in the consolidated *Wright* action;

1    (6) excerpts of Bani's deposition taken in *Wright I*; (7) excerpts of Patrice Wright's deposition

2    taken in *Wright I*; (8) corporate statements filed by Bani Auto and Club Sportiva; and (9) a Minute

3    Order entered in *Wright I. See* Pl.'s RJNs, ECF 166, 168.

4        The Court may take judicial notice of the pleadings and other filings in the *Wright* action,

5    the California Highway Patrol report, and publicly filed corporate statements.  *See Reyn's Pasta*

6    *Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice

7    of court filings and other matters of public record.").  United's requests for judicial notice are

8    GRANTED as to items 1-5 and 8-9.

9        However, "deposition testimony is not an established fact amenable to judicial notice[.]"

10   *Caliz v. City of Los Angeles*, No. CV 15-5161-JLS (KS), 2021 WL 3042281, at *5 (C.D. Cal. Apr.

11   27, 2021).  "Courts in this circuit have denied requests for judicial notice of deposition

12   transcripts[.]"  *Greiser v. Chavez*, No. EDCV 22-1600 JGB (SPX), 2024 WL 3005898, at *3 (C.D.

13   Cal. Mar. 27, 2024) (collecting cases).  United's requests for judicial notice are DENIED as to

14   items 6-7.

15       The Court's denial of United's requests for judicial notice of the depositions does not mean

16   that the Court cannot consider them as evidence in this case.  There is no dispute regarding the

17   authenticity of the deposition transcripts.  Moreover, Bani's deposition statements are party

18   admissions.  Accordingly, the Court will consider the deposition testimony as evidence, even

19   though the Court declines to take judicial notice of the deposition testimony.

20                    **2.    Bani Defendants' Requests for Judicial Notice (ECF 163, 170)**

21       The Bani Defendants have filed requests for judicial notice with both their motion for

22   partial summary judgment and their opposition to United's motion for summary judgment.  *See*

23   Defs.' RJNs, ECF 163, 170.

24       In connection with their own motion for partial summary judgment, the Bani Defendants

25   ask the Court to take judicial notice of the request for Bani's dismissal from *Wright I*, and the

26   minute order consolidating the two *Wright* actions.  *See* Defs.' RJN, ECF 163.  The Court may

27   take judicial notice of filings in the *Wright* action.  *See Reyn's Pasta Bella,* 442 F.3d at 746 n.6.

28   The Bani Defendants' request for judicial notice in support of their own motion is GRANTED.

United States District Court
Northern District of California

6

1    In connection with their opposition to United's motion for summary judgment, the Bani

2    Defendants ask the Court to take judicial notice of the California Highway Patrol report on David

3    Wright's accident.  *See* Defs.' RJN, ECF 170.   The Court may take judicial notice of public

4    records.  *See Reyn's Pasta Bella*, 442 F.3d at 746 n.6.  The Bani Defendants' request for judicial

5    notice in support of their opposition to United's motion is GRANTED.

6         **B.    Evidentiary Objections**

7              **1.    United's Evidentiary Objections**

8    United objects to Bani's declaration dated April 24, 2025, submitted in opposition to

9    United's motion for summary judgment ("Bani Opposition Declaration"), and the declaration of

10   the Bani Defendants' counsel, Brian C. Zhang, submitted with the Bani Defendants' sur-reply

11   ("Zhang Sur-Reply Declaration").  *See* Bani Opp. Decl., ECF 169-3; Zhang Sur-Reply Decl., ECF

12   180-1.

13              **a.    Bani Opposition Declaration (ECF 169-3)**

14   United objects to paragraphs 5-8 of Bani's declaration dated April 24, 2025, submitted in

15   opposition to United's motion for summary judgment ("Bani Opposition Declaration), on the

16   ground that the declaration directly contradicts Bani's prior deposition testimony.  United

17   contends that Bani was a joint tortfeasor in the underlying Wright action based on his deposition

18   testimony regarding his personal involvement in inspecting and selecting the route for the Exotic

19   Car Tour and knowledge that the Ferrari's right rear tire needed repair.  United claims that

20   paragraphs 5-8 of the Bani Opposition Declaration blatantly and improperly contradict Bani's

21   deposition testimony regarding his personal involvement in those activities.

22        "The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an

23   affidavit contradicting his prior deposition testimony."  *See Van Asdale v. Int'l Game Tech.*, 577

24   F.3d 989, 998 (9th Cir. 2009) (quotation marks and citation omitted).  "[I]f a party who has been

25   examined at length on deposition could raise an issue of fact simply by submitting an affidavit

26   contradicting his own prior testimony, this would greatly diminish the utility of summary

27   judgment as a procedure for screening out sham issues of fact."  *Id*. (quotation marks and citation

28   omitted).

United States District Court
Northern District of California

This rule is subject to two limitations.  *See Van Asdale*, 577 F.3d at 998.  First, the Ninth Circuit has "made clear that the rule does not automatically dispose of every case in which a contradictory affidavit is introduced to explain portions of earlier deposition testimony[.]"  *Id*. (quotation marks and citation omitted).  "[R]ather, the district court must make a factual determination that the contradiction was actually a 'sham.'"  *Id*. (quotation marks and citation omitted).  "Second, our cases have emphasized that the inconsistency between a party's deposition testimony and subsequent affidavit must be clear and unambiguous to justify striking the affidavit."  *Id*. at 998-99.  "Thus, the non-moving party is not precluded from elaborating upon, explaining or clarifying prior testimony elicited by opposing counsel on deposition [and] minor inconsistencies that result from an honest discrepancy, a mistake, or newly discovered evidence afford no basis for excluding an opposition affidavit."  *Id*. at 999 (quotation marks and citation omitted).

The challenged paragraphs of Bani's Opposition Declaration, paragraphs 5-8, are set forth below, along with the relevant excerpts of Bani's prior deposition testimony.

| ¶ | Bani's Opposition Declaration | Bani's Deposition Testimony |
|---|---|---|
| ¶ 5 | "The route for the Exotic Car Tour was originally selected by the previous owner of Club Sportiva, who was also my former business partner, in either 2009 or 2010. The route was altered or updated since then by my team to update the stops on the route for customers to switch cars, but otherwise utilized the same piece of road as the original route, Highway 84."<br><br>Bani Opp. Decl. ¶ 5. | "Q.  And what -- and the route you selected was the same route that was used on September 7, 2016?<br>A.  The route initially was different back in 2009.<br>Q.  When was it changed to the route that was used in – on September 2016?<br>A.  I don't know offhand.<br>Q.  Did you select the route that was used on September 7, 2016?<br>A.  Yes."<br><br>Greer Decl. Ex. 2 (Bani Dep.) 14:17-15:1, ECF 166. |
| ¶ 6 | "Prior to the Accident, I did not inspect the route for the Exotic Car Tour."<br><br>Bani Opp. Decl. ¶ 6. | Q.  Now, when you did the examination of the route along 84, did you look for drop-offs such as the one in Exhibit 3?<br>A.  I personally and others that attend the Exotic Car Tour or any of our experiences look for any hazards that are within what we would consider the road, which is on the left |

| | | |
|---|---|---|
| | | side of the white line.  We don't look for anything outside of the white line." <br> Q.  The shoulder? <br> A.  Or the shoulder, correct." <br><br> Greer Decl. Ex. 2 (Bani Dep.) 19:23-20:8. |
| ¶ 7 | "Prior to the Accident, I did not inspect the Ferrari California driven by David Wright in the Exotic Car Tour (the 'Vehicle'), nor did I specifically direct or instruct any employee regarding inspection of the Vehicle. Other members of my team inspected the Vehicle as part of its regular inspection processes." <br><br> Bani Opp. Decl. ¶ 7 | Q.  Okay.  Now, you mentioned that because of the 2/32nds of an inch on the right rear tire as exhibited on Exhibit 11, that this Ferrari California would have been discussed at a meeting.  What meeting was that? <br> A.  Operations meeting. <br> Q.  And when is the operations meeting? <br> A.  It changes based off the schedule of everyone working but typically once a week. <br> Q.  Who's present at the operations meeting? <br> A.  It would be the operations team and most usually myself. <br> Q.  Okay.  And in September – the first week of September 2016, who would be on the operations team? <br> A.  Anthony, Steven Small, Mike Johnson, myself. <br><br> Greer Decl. Ex. 2 (Bani Dep.) 44:1-12. |
| ¶ 8 | "Prior to the Accident, I had no knowledge of the tread depth of the tires on the Vehicle, and I did not specifically direct or instruct any employee regarding maintenance of the Vehicle. While Bani Auto implemented processes and policies with respect to inspection of vehicles used on the Exotic Car Tour, it did not itself maintain, repair, or service vehicles. Instead, Bani Auto paid for and managed the outsourcing of such services to third-party vendors. <br><br> Bani Opp. Decl. ¶ 8 | (same as above) |

The Court finds that paragraphs 5-8 of the Bani Opposition Declaration clearly and unambiguously contradict Bani's prior deposition testimony.  In paragraphs 5-6, Bani denies any involvement in selecting or inspecting the route for the Exotic Car Tour, which is contrary to his prior deposition testimony that he selected and inspected the route.  In paragraphs 7-8, Bani denies any knowledge of the tread depth of the tires on the Ferrari, and disclaims any involvement in the

maintenance of the Ferrari, which is contrary to his prior deposition testimony that he attended weekly operations meetings regarding vehicles, and attended a September 2016 operations meeting at which the tread on the right rear tire of the Ferrari would have been discussed.  The Court makes a factual finding that paragraphs 5-8 of the Bani Opposition Declaration are a sham.

United's objection to paragraphs 5-8 of the Bani Opposition Declaration is SUSTAINED.

### b.    Zhang Sur-Reply Declaration (ECF 180-1)

United objects to the Zhang Sur-Reply Declaration "to the extent it includes argument and exceeds the Court's two-page limitation." Pl.'s Sur-Reply at 1, ECF 181.  The Court granted each side leave to file a two-page sur-reply brief.  The Court understands United to be arguing that the Bani Defendants improperly have attempted to exceed that page limit by including argument in the declaration of their counsel, Mr. Zhang.  The Zhang Sur-Reply Declaration consists primarily of factual statements regarding the events giving rise to this lawsuit, and statements authenticating documents attached to the declaration.

United's objection to the Zhang Sur-Reply Declaration is OVERRULED.

### 2.    Bani Defendants' Evidentiary Objections

The Bani Defendants object to United's Errata regarding its motion for summary judgment, and to the declaration and deposition statements of Robert Bergsten, who represented the Bani Defendants in the underlying *Wright* action.

### a.    United's Errata Re its Motion for Summary Judgment

The Bani Defendants object to an errata filed by United, correcting the omission of several documents from the exhibits to the Declaration of Douglas A. Greer.  *See* Pl.'s Errata, ECF 166. United also submitted a corrected motion brief to conform to the corrections to the Greer Declaration.  *See id.*  The Bani Defendants argue that the errata, addition of the previously omitted documents, and corrected motion brief should be disregarded as untimely.  However, the Court finds that during the course of the lengthy briefing process on the parties' cross-motions for summary judgment, and the extensive oral argument presented to the Court during the hearing on the cross-motions, the Bani Defendants had ample opportunity to present all relevant arguments. The Court therefore finds that the Bani Defendants were not prejudiced by United's filing of the

errata, and in the exercise of its discretion will accept the previously omitted documents and corrected motion brief.

Bani's objection to United's errata is OVERRULED.

**b.    Bergsten Declaration**

The Bani Defendants object to consideration of the declaration of Robert Bergsten, a partner at the law firm Hosp, Gilbert and Bergsten, which was the firm retained by United to serve as defense counsel for the Bani Defendants in the *Wright* action.  The Bergsten Declaration is submitted with United's reply in support of its own motion, and with its opposition to the Bani Defendants' motion.  *See* Bergsten Decl., ECF 167-3, ECF 171.  The Bani Defendants contend that the Bergsten Declaration constitutes new reply evidence that should not be considered in connection with United's motion for summary judgment, and that it should be disregarded altogether because it was not disclosed in discovery.

Mr. Bergsten states in his declaration that when he represented the Bani Defendants, he "analyzed the potential damages a jury might award the Wright family claimants should they succeed at trial of their claims."  Bergsten Decl. ¶ 3.  In his opinion, economic damages for David Wright's death would exceed $1,000,000 based on the family's loss of his future earnings.  *See* Bergsten Decl. ¶ 4.  That economic damages figure was based on the facts that David Wright was a married man in his 40s with four children, who made approximately $170,000 per year.  *See id*. Mr. Bergsten estimated that total economic and non-economic damages could be $13,000,000 to $15,000,000.  *See id*.  He believed that all three Bani Defendants faced exposure because they could be held jointly and severally liable for the claims asserted in the *Wright* action.  *See id*.

The Court addressed the Bani Defendants' objections to the Bergsten Declaration at the hearing, and resolved them by allowing the Bani Defendants to depose Mr. Bergsten and permitting each side to file a sur-reply addressing Mr. Bergsten's statements.  At his deposition, Mr. Bergsten testified that while the *Wright* action was pending, his firm sent Bani a number of status reports estimating that the economic damages resulting from David Wright's death – damages for the loss of his financial support – were approximately $3,700,000.  *See* Bergsten Dep. 41:2-60:23, ECF 180.  The reports estimated that non-economic damages could be an additional

$1,000,000 to $2,000,000. *See id.* Mr. Bergsten stated that Bani was sent those status reports on June 1, 2018; July 6, 2018; January 21, 2019; March 8, 2019; and May 28, 2019. *See id.*

The Bani Defendants now ask the Court to disregard Mr. Bergsten's deposition and declaration statements on the ground that he is a biased and unreliable witness, pointing to portions of his deposition in which he stated that he has worked with United on hundreds of cases over the years, and generally does insurance defense work. The Bani Defendants assert that Mr. Bergsten is so beholden to United, and so reliant on case assignments from United, that he is in effect in the bag for United and cannot be trusted.

The Bani Defendants offer no evidence to dispute Mr. Bergsten's deposition testimony that, during litigation of the underlying *Wright* action, his firm sent Bani multiple status reports estimating economic damages to be approximately $3,700,000. The Bani Defendants likewise offer no evidence to refute that estimate. Finally, the Bani Defendants offer no evidence that Mr. Bergsten has any kind of bias that would affect the credibility of his statements here. The Court finds that the Bani Defendants' unsubstantiated and ad hominem attack on Mr. Bergsten is meritless.

The Bani Defendants' objection to the declaration and deposition testimony of Mr. Bergsten is OVERRULED.

**C.    United's Motion for Summary Judgment (ECF 164)**

United seeks summary judgment against the Bani Defendants, jointly and severally, for reimbursement of the $1,000,000 it paid to settle *Wright* action. Following the guidance of the Ninth Circuit in its remand order, this Court first discusses the two leading California cases on allocation, *LA Sound* and *Axis Surplus*. Applying those cases, this Court next considers whether United has demonstrated that the $1,000,000 settlement should be allocated 100% to each of the insureds, resulting in summary judgment against the Bani Defendants jointly and severally for reimbursement of the settlement amount.

**1.    California Law on Allocation**

In *LA Sound*, an insurer paid $1,000,000 to settle a trademark infringement suit against an insured corporation and two of its officers and directors in their official capacities, under a

1   reservation of rights.  *See LA Sound*, 156 Cal. App. 4th 1259, 1263-65 (2007).  The insurer did not

2   settle other claims against the officers arising from conduct outside their official capacities.  *See*

3   *id.* at 1265.  The corporation and officers sued the insurer for breach of the duties to defend and

4   indemnify, and also for bad faith.  *See id.*  The insurer cross-claimed, seeking rescission of the

5   policy due to misrepresentations in the application, and reimbursement of the costs incurred

6   defending and settling the underlying suit.  *See id.*  A jury found for the insurer on the claims

7   against it, and the trial court found for the insurer on its affirmative equitable claims of rescission

8   and reimbursement.  *See id.* at 1266.  The trial court entered judgment against the three insureds

9   jointly and severally for reimbursement of defense and settlement costs.  *See id.*

10      The Court of Appeal affirmed the trial court's rescission of the policy and determination

11   that the insurer was entitled to recover the costs of defense and settlement.  *See LA Sound*, 156

12   Cal. App. 4th at 1271.  However, the appellate court held that the insurer had failed to establish

13   that the two officers were jointly and severally liable with the corporation for the entire amount of

14   the defense and settlement costs.  *See id.*  The *LA Sound* court made clear that an insurer seeking

15   reimbursement bears the "burden of showing which costs can be allocated to the defense or

16   indemnity of each particular insured."  *Id*. at 1272-73.  The appellate court emphasized that the

17   right to reimbursement runs only against a person who benefits from the settlement, and "only to

18   the extent the person *actually benefits*."  *Id*. at 1273.

19      In the trademark action before it, the Court of Appeal "[d]ecline[d] to assume that every

20   dollar [the insurer] spent on the underlying action benefited all three insureds."  *LA Sound*, 156

21   Cal. App. 4th at 1273.  The *LA Sound* court explained that whether that was true depended on "a

22   detailed analysis of how the indemnity costs were spent – did the insureds face the same amount

23   of liability, and was their liability settled on identical terms?"  *Id*.  Because the insurer had not

24   engaged in such an analysis with respect to the corporation and its two officers, the appellate court

25   remanded the matter for a new trial, limited to the issue of the amount owed by the insured

26   corporation and each of the officers as restitution of the respective benefits received by each under

27   the rescinded policy.  *See id.* at 1274.

28      Some years later, in *Axis Surplus*, another California appellate court applied the holding of

United States District Court
Northern District of California

1    *LA Sound* in an insurer's suit for recovery of defense and settlement costs against three insureds –

2    Linda and Edgar Reinoso, a married couple, and their property management company – with

3    respect to claims for negligence, other tort claims, and other state law claims ("the Tenant

4    Action"). *See Axis Surplus*, 208 Cal. App. 4th 181. The trial court awarded the insurer more than

5    $2,000,000 in settlement costs for claims in the Tenant Action that were not covered by the

6    policies. *See id.* at 188. The trial court did not specify that the award was joint and several, but

7    the parties assumed on appeal that it was. *See id.*

8         On appeal, Linda argued that the trial court erred in finding her jointly and severally liable

9    for the settlement cost rather than allocating the settlement cost among the three insureds based on

10   the amount attributable to each. *See Axis Surplus*, 208 Cal. App. 4th at 191. Linda relied on the

11   testimony of a representative of the insured who stated that in making the settlement payment, he

12   did not consider Linda's exposure in the underlying Tenant Action and did not allocate any of the

13   settlement proceeds to her. *See id.* at 192. In evaluating that argument, the *Axis Surplus* court

14   reiterated *LA Sound*'s holding that the insurer's right to reimbursement runs against a person who

15   benefits from the insurer's expenditures, but "only to the extent the person *actually* benefits." *Id*.

16   at 195 (quoting *LA Sound*, 156 Cal. App. 4th at 1273). "That benefit," the *Axis Surplus* court

17   found, "is the *benefit of eliminating potential liability* and not the time or costs expended on any

18   particular person or entity being defended." *Axis Surplus*, 208 Cal. App. 4th at 195 (emphasis

19   added).

20        The Court of Appeal held that the trial court made an implied finding of an allocation,

21   which was Linda's joint and several obligation to reimburse the insurer for the full amount of the

22   settlement cost. *See Axis Surplus*, 208 Cal. App. 4th at 195. The appellate court found substantial

23   evidence to support that implied finding of allocation, including evidence that Linda "was jointly

24   and severally liable for any tort committed by Edgar," and "should be jointly and severally liable

25   under the causes of action against her in the Tenant Action." *See id.* The *Axis Surplus* court

26   distinguished *LA Sound*, a trademark case, noting that "the court in *LA Sound* did not assume there

27   was joint and several liability" and in fact "said that it was 'implausible' that the 'two individuals

28   faced the exact same liability.'" *Id*. at 194. In *Axis Surplus*, where Linda would have been jointly

and severally liable for any torts, the appellate court held that her resulting exposure to millions of dollars in liability supported a conclusion that "Linda received the full benefit of the settlement." *Id*. at 196.  Under those circumstances, the *Axis Surplus* court held, "Linda had a sufficient benefit from the settlement such that not to allocate to her joint and several liability to the insurer of the full amount paid by the insurer to settle the Tenant Action would amount to unjust enrichment." *Id*. at 195.

### 2.    Allocation of United's $1,000,000 Settlement in the Present Case

Applying the principles of *LA Sound* and *Axis Surplus* in the present case, this Court must determine whether United has established that it is proper to allocate the full settlement amount to each of the Bani Defendants, such that they may be adjudged jointly and severally liable for reimbursement of the settlement cost.  United advances two theories for allocation of the full settlement amount to each of the Bani Defendants.  First, United argues that Bani faced potential multi-million-dollar liability as a joint tortfeasor in the underlying *Wright* action, such that he received the full benefit of the settlement for the $1,000,000 policy limit.  Second, United argues that Bani is liable for the reimbursement obligations of Bani Auto and Club Sportive on the ground that he was an alter ego of both entities.

### a.    Joint Tortfeasor

Under *LA Sound* and *Axis Surplus*, an insurer seeking to recoup a settlement paid under a reservation of rights must show not only that the insured benefitted from the settlement, but also the extent of that benefit.  *See Axis Surplus*, 208 Cal. App. 4th at 195 (insurer's right to reimbursement runs "against the person who benefits from 'unjust enrichment,'" but "only to the extent the person *actually* benefits") (citation omitted); *LA Sound*, 156 Cal. App. 4th at 1273 (same).  Where there are multiple insureds, allocation of 100% of the settlement to an insured is warranted only if that insured "had a sufficient benefit from the settlement such that not to allocate to [the insured] joint and several liability to the insurer of the full amount paid by the insurer to settle the [action] would amount to unjust enrichment." *Axis Surplus*, 208 Cal. App. 4th at 195-96.

The Court first addresses United's evidence that Bani received a benefit from the $1,000,000 settlement, and then it addresses United's evidence that such benefit was sufficient to

support allocation to Bani of the full amount of the settlement.

### i.    Bani Benefitted from the Settlement

As the party moving for summary judgment, United has the initial burden to show that Bani benefitted from the settlement.  United points to the pleadings in the *Wright* action as evidence that Bani faced potential liability in that action as a joint tortfeasor.  *See* Greer Decl. Ex. 1 (SAC in *Wright I*); Ex. 4 (Compl. in *Wright II*).  The *Wright* action included negligence claims against all three insureds, Bani, Bani Auto, and Club Sportiva.  *See* Greer Decl. Ex. 1 (SAC in *Wright I*); Ex. 4 (Compl. in *Wright II*).  The *Wright* plaintiffs alleged two negligence theories against the insureds – their alleged negligence in inspecting and selecting the course for the Exotic Car Tour, and their alleged negligence in failing to maintain the Ferrari vehicle despite knowledge that the right rear tire was in need of replacement.  *See* Greer Decl. Ex. 1 (SAC in *Wright I*); Ex. 4 (Compl. in *Wright II*).

Under California law, a corporate officer may be liable in his personal capacity if he "specifically authorized, directed or participated in the allegedly tortious conduct," or "specifically knew or reasonably should have known that some hazardous condition or activity under their control could injure plaintiff, [but] they negligently failed to take or order appropriate action to avoid the harm."  *Frances T. v. Vill. Green Owners Assn.*, 42 Cal. 3d 490, 508 (1986).  The plaintiff must also prove that an ordinarily prudent person, knowing what the officer knew at that time, would not have acted similarly under the circumstances.  *See id.* at 509.

During the course of litigating the underlying action, the *Wright* plaintiffs developed evidence to support their negligence claims against Bani based on his direct participation in the allegedly tortious conduct.  Among that evidence was Bani's deposition testimony that he personally selected the Exotic Car Tour route driven by David Wright, and personally attended an operations meeting the day before the accident at which the condition of the Ferrari's right rear tire was discussed.  *See* Greer Decl. Ex. 2 (Bani Dep.) 14:24-15:1, 19:23-21:14, 44:1-20.  A jury determination that Bani was negligent in selecting the route or failing to remedy a defect in the right rear tire would have rendered him jointly and severally liable for all economic damages awarded to the *Wright* plaintiffs if Bani's negligence was even 1% responsible for David Wright's

16

death.  *See Schreiber v. Lee*, 47 Cal. App. 5th 745, 753 (2020).

United points out that the Bani Defendants' own counsel in the underlying action believed that all three insureds faced exposure, because they could be held jointly and severally liable for the claims asserted therein.  *See* Bergsten Decl. ¶ 4 ("Such an award would have included economic damages in excess of $1,000,000 based on the family's loss of David's future earnings for which my three clients would be jointly and severally liable if they were found to be 1% responsible.").

United's evidence is sufficient to establish that Bani faced potential liability for negligence in the underlying *Wright* action, and thus that United's settlement of the action conferred on Bani "the benefit of eliminating potential liability" for the negligence claims asserted against him.  *Axis Surplus*, 208 Cal. App. 4th at 195 (emphasis added).  The Court finds that United has satisfied its initial burden to show that Bani received a benefit from the settlement.  The burden shifts to Bani to submit evidence sufficient to create a factual dispute as to whether he benefitted from the settlement.

The Bani Defendants assert that Bani did not benefit from the settlement because he faced no exposure in the underlying action and would have been completely absolved of any wrongdoing had the *Wright* case not settled.  They submit several pieces of evidence in support of that assertion, including:  Bani's declaration statements that he did not inspect or select the Exotic Car Tour route and did not know about any potential defect in the Ferrari vehicle's tire, *see* Bani Opp. Decl. ¶¶ 5-8; a letter from the Bani Defendants' defense counsel in the *Wright* action, asserting that Bani could not be found personally liable because he acted only as a corporate officer, *see* Defs.' Ex. 9 (Letter), ECF 169-1; and a California Highway Patrol report stating that David Wright was at fault in the accident because he was driving the car in an unsafe manner, *see* Defs.' Ex. 3.  For reasons discussed above, the Court has sustained United's objection to the cited paragraphs of the Bani Opposition Declaration.  The Court observes that the letter from the Bani Defendants' defense counsel predates Bani's deposition testimony admitting his personal involvement in selecting the Exotic Car Tour route and attending the operations meeting, and thus does not bear on Bani's potential liability.  *See* Defs.' Ex. 9 (Letter), dated June 11 2018; Greer

Decl. Ex. 2 (Bani Dep.), dated July 11, 2018. The California Highway Patrol report is admissible under the doctrine of judicial notice, as discussed above.

The Bani Defendants' arguments and evidence regarding what would have happened if the *Wright* case had not settled are beside the point. Neither the Bani Defendants, nor United, nor this Court can predict with any degree of certainty what the outcome of the underlying action would have been had it continued to be litigated. The relevant issue is whether the claims asserted in *Wright* exposed Bani to potential liability. The answer is yes, and the benefit Bani obtained from the settlement was the elimination of that potential liability.

Nothing in *LA Sound* or *Axis Surplus* suggests that an insurer must prove the *actual* liability of the insured to show the insured benefitted from a settlement. In *LA Sound*, the Court of Appeal made clear that the key questions to be answered in allocating the cost of settlement were "did the insureds *face* the same amount of liability, and was their liability settled on identical terms?" *LA Sound*, 156 Cal.App.4th at 1273 (emphasis added). In *Axis Surplus*, the court found that Linda benefitted from the settlement because she was "*[f]aced* with exposure" that the settlement eliminated. *Axis Surplus*, 208 Cal. App. 4th at 196 (emphasis added). In the present case, Bani benefitted from the settlement because he faced exposure to personal liability on the negligence claims alleged in *Wright*, and that exposure was eliminated by the settlement.

The Court finds that United has met is initial burden to show that Bani benefitted from the settlement, and the Bani Defendants have failed to show the existence of a material issue of fact on the issue of benefit.

### ii.    Extent to which Bani Benefitted from the Settlement

United must show not only that Bani obtained a benefit from the settlement, but that he obtained a sufficient benefit to warrant allocating 100% of the settlement to him. United contends that Bani faced potential multi-million-dollar liability as a joint tortfeasor in the underlying *Wright* action and therefore received the full benefit of the $1,000,000 settlement paid by United.

United submits evidence that any award of economic damages in the Wright action would have been substantial and in excess of the $1,000,000 policy limit. In particular, United points to the declaration of Robert Bergsten, a partner at the law firm Hosp, Gilbert and Bergsten, which

United States District Court
Northern District of California

1    was the firm retained by United to serve as defense counsel for the Bani Defendants in the *Wright*

2    action.  *See* Bergsten Decl., ECF 167-3.  Mr. Bergsten states that at the time of death, David

3    Wright was a 42-year-old, happily married father of four children who made approximately

4    $170,000 per year.  *See id.* ¶ 4.  Mr. Bergsten opines that given those facts, economic damages

5    would have exceeded $1,000,000 based on the family's loss of future earnings.  *See id.*  As

6    discussed above, under California law Bani faced exposure to joint and several liability for

7    economic damages flowing from David Wright's death.

8          Mr. Bergsten's deposition was taken after the hearing on the parties' current cross-

9    motions.  *See* Bergsten Dep., ECF 180.  Mr. Bergsten testified that during the Wright action, his

10   firm sent Bani several status reports estimating economic damages resulting from the family's loss

11   of financial support to be approximately $3,700,000.  *See* Bergsten Dep. 41:2-60:23.  The reports

12   estimated that non-economic damages could be an additional $1,000,000 to $2,000,000.  *See id*.

13   Mr. Bergsten testified that Bani was sent those status reports on June 1, 2018; July 6, 2018;

14   January 21, 2019; March 8, 2019; and May 28, 2019.  *See id.*

15         This evidence is sufficient to show that Bani faced potential personal liability, as a joint

16   tortfeasor in the underlying *Wright* action, of at least $3,7000,000 in economic damages resulting

17   from David Wright's death.  Based on a similar finding of Linda's potential personal liability as a

18   joint tortfeasor, the *Axis Surplus* court determined that "[f]aced with exposure of many millions of

19   dollars . . . Linda received the full benefit of the settlement."  *Axis Surplus*, 208 Cal. App. 4th at

20   196.  This Court likewise finds that United has shown that Bani received the full benefit of the

21   settlement entered by United.  The *Axis Surplus* court concluded that "Linda had a sufficient

22   benefit from the settlement such that not to allocate to her joint and several liability to the insurer

23   of the full amount paid by the insurer to settle the Tenant Action would amount to unjust

24   enrichment."  *Id*. at 195.  This Court likewise finds that United has shown that Bani had sufficient

25   benefit from the $1,000,000 settlement paid by United such that not to allocate to him joint and

26   several liability for the full settlement would amount to unjust enrichment.

27         Based on the foregoing, the Court finds that United has met its initial burden on summary

28   judgment to show that 100% of the settlement amount may be allocated to Bani, such that he may

be jointly and severally liable for reimbursement of the settlement along with Bani Auto and Club Sportiva. The burden shifts to the Bani Defendants to show the existence of a material issue of fact on the issue of allocation.

The Bani Defendants argue that United has not met its burden to show that 100% of the settlement cost may be allocated to Bani, because United has not engaged in the detailed analysis regarding allocation contemplated by *LA Sound*. The Bani Defendants ignore the factual differences between this case, in which the underlying action included negligence claims, and *LA Sound*, in which the underlying action was a trademark case. The court in *LA Sound* did not assume there was joint and several liability among the insureds, and in fact found it implausible that the two individual insureds faced the same liability. *See LA Sound*, 156 Cal.App.4th at 1273. The *Axis Surplus* court distinguished *LA Sound* on the ground that in the case before it, Linda faced joint and several liability for any asserted torts. *See Axis Surplus*, 208 Cal. App. 4th at 196. The *Axis Surplus* court held that Linda's resulting exposure of millions of dollars supported a conclusion that "Linda received the full benefit of the settlement." *Id*. at 196. Under the same reasoning, this Court finds that United has met its burden to show that Bani received the full benefit of the settlement entered by United.

Next, the Bani Defendants argue that there are discrepancies between Mr. Bergsten's declaration and his deposition testimony regarding the extent of liability faced by Bani in the Wright action. Those arguments focus on Mr. Bergsten's estimates regarding non-economic damages. The Bani Defendants have not challenged Mr. Bergsten's statements regarding David Wright's income or calculation of economic damages based on the loss of his income to the family. The evidence regarding economic damages that could have been awarded by a jury is sufficient to show that Bani faced exposure to liability well in excess of the $1,000,000 policy limit. The Court therefore need not consider evidence regarding non-economic damages.

The Court finds that United has met its initial burden on summary judgment to show that Bani received the full benefit of the $1,000,000 settlement, and that not to allocate to him joint and several liability for the full settlement would amount to unjust enrichment. The Bani Defendants have not shown the existence of a material issue of fact on the issue of allocation.

Accordingly, United's motion for summary judgment is GRANTED.  As another district court in this circuit has held, "where an insurer contributes $1 million to a settlement that extinguishes the multi-million-dollar liability faced by each of the three insureds, it is equitable to obtain reimbursement of the entire $ 1 million from any of the insureds – for each received a benefit from that settlement payment of far more than $1 million."  *Mesa Underwriters Specialty Ins. Co. v. Allergan, Inc.*, 604 F. Supp. 3d 935, 942 (C.D. Cal. 2022).

### b.    Alter Ego

United's second theory of joint and several liability for repayment of the settlement is that Bani was the alter ego of Bani Auto and Club Sportiva.  Bani Auto and Club Sportiva did not appeal the finding of liability against them, jointly and severally, for reimbursement of the $1,000,000 settlement paid by United.  However, United states that Bani Auto and Club Sportiva have indicated that they lack assets from which reimbursement could be paid.  United therefore seeks to enforce the reimbursement obligations of Bani Auto and Club Sportiva against Bani under an alter ego theory.

Under California law, there are two requirements to invoke the alter ego doctrine.  *See Cam-Carson, LLC v. Carson Reclamation Auth.*, 82 Cal. App. 5th 535, 549 (2022).  "First, there must be such a unity of interest and ownership between the corporation and its equitable owner that the separate personalities of the corporation and the shareholder do not in reality exist."  *Id*. (internal quotation marks and citation omitted).  "Second, there must be an inequitable result if the acts in question are treated as those of the corporation alone."  *Id*. (internal quotation marks and citation omitted).

With respect to the first requirement, unity of interest and ownership, the California courts have identified "a variety of factors" that may be considered in determining whether the corporate veil should be pierced.  *Associated Vendors, Inc. v. Oakland Meat Co.*, 210 Cal. App. 2d 825, 838-40 (1962).  Among the factors listed by *Associated Vendors* are:  "Commingling of funds and other assets, failure to segregate funds of the separate entities, and the unauthorized diversion of corporate funds or assets to other than corporate uses"; "the treatment by an individual of the assets of the corporation as his own"; "sole ownership of all of the stock in a corporation by one

United States District Court
Northern District of California

1    individual or the members of a family"; "the use of the same office or business location"; "the

2    failure to adequately capitalize a corporation"; "the total absence of corporate assets, and

3    undercapitalization"; and "the use of a corporation as a mere shell, instrumentality or conduit for a

4    single venture or the business of an individual or another corporation." *Id.*  The long list of factors

5    enumerated in *Associated Vendors* is not exhaustive; those factors may be considered among

6    others under the particular circumstances of each case.  *See Leek v. Cooper*, 194 Cal. App. 4th

7    399, 417-18 (2011).  United submits evidence that a number of the *Associated Vendors* factors are

8    met, primarily through the opinion of United's forensic accounting expert, Victoria Wilkerson.

9    *See* Greer Decl. Ex. 11 (Wilkerson Report), ECF 166.

10        "With respect to the second requirement, it is sufficient that it appear that recognition of

11    the acts as those of a corporation only will produce inequitable results."  *Associated Vendors*, 210

12    Cal. App. 2d at 837.  United submits evidence that Bani Auto and Club Sportiva have asserted a

13    lack of assets from which to reimburse United for the $1,000,000 settlement of the underlying

14    *Wright* action.  *See* Greer Decl. Ex. 8 (Joint Statement Re Discovery Dispute), ECF 166.

15        The Court finds that United has met its initial burden on summary judgment to show that

16    both requirements to invoke the alter ego doctrine are satisfied.  The burden shifts to the Bani

17    Defendants to show the existence of a material issue of fact on the issue of alter ego.

18        The Bani Defendants submit the opinion of their rebuttal forensic accounting expert,

19    Tiffany Tso, in support of their argument that the first requirement for alter ego – unity of interest

20    and ownership – is not satisfied here.  *See* Defs.' Ex. 4 (Tso Report), ECF 169-1.  Ms. Tso

21    highlights several *Associated Vendors* factors that she asserts weigh against a finding of alter ego.

22    *See id.*  She also addresses and rebuts Ms. Wilkerson's opinion supporting a finding of alter ego.

23    *See id.*  The conflicting reports of United's expert, Ms. Wilkerson, and the Bani Defendants'

24    expert, Ms. Tso, present a classic battle of the experts creating a triable issue of material fact as to

25    whether there is a unity of interest and ownership warranting a finding of alter ego.  Accordingly,

26    United is not entitled to summary judgment based on its alter ego theory.

27        As discussed above, however, United is entitled to summary judgment based on its joint

28    tortfeasor theory.

1

### D.    Bani Defendants' Motion for Partial Summary Judgment (ECF 162)

2      The Bani Defendants seek partial summary judgment on two issues, first that United

3  cannot produce evidence of its allocation of the $1,000,000 settlement, and second that Bani is not

4  jointly and severally liable for reimbursement of the settlement.

5      On the first issue, the Bani Defendants argue that there is an absence of evidence in the

6  record to support *any* allocation of the $1,000,000 settlement.  To establish an absence of record

7  evidence, the Bani Defendants point to several of United's discovery responses.  *See* Defs.' Exs.

8  A, B (Discovery Responses), ECF 162-1.  None of the discovery responses establish United's

9  inability to prove allocation.  For example, in response to a request for admission that United

10  failed to establish the amount of indemnity benefits conferred on Bani in his individual capacity,

11  United responded, "Objection. Vague and ambiguous as this action is continuing.  Without

12  waiving this objection, Responding Party denies this request."  *See* Defs.' Ex. A (Discovery

13  Response), Response to RFA No. 11.  Neither that response, nor any of the other cited discovery

14  response, are sufficient to meet Bani's initial burden on summary judgment.

15      On the second issue, the Bani Defendants argue that Bani is not jointly and severally liable

16  for reimbursement of the settlement.  The Bani Defendants contend that "there is still not a

17  scintilla of evidence of Bani's individual liability or involvement as a joint tortfeasor outside his

18  capacity as officer or owner of Bani Auto and Club Sportiva."  Defs.' Mot. at 5.  The Bani

19  Defendants cite the Ninth Circuit's appellate decision in this case, finding an absence of record

20  evidence to support an inference that Bani would be jointly and severally liable in the underlying

21  action as a joint tortfeasor or alter ego.  While the Ninth Circuit did find an absence of evidence on

22  the record then before it, the parties have engaged in nearly two years of additional discovery

23  following remand.  That discovery resulted in additional evidence going to Bani's exposure to

24  personal liability for negligence, and the extent of his exposure, including the declaration

25  statements and deposition testimony of Mr. Bergsten.  Mr. Bergsten's statements and testimony

26  were not previously before this Court or the Ninth Circuit.  Accordingly, the Bani Defendants'

27  argument grounded in the prior record, before it was further developed after remand, not well-

28  taken.

The Court finds that the Bani Defendants have failed to meet their initial burden on summary judgment with respect to United's ability to establish allocation, or the imposition of joint and several liability against Bani for reimbursement of the $1,000,000 settlement. Indeed, the Court has determined that United is entitled to summary judgment for the reasons discussed above.

Accordingly, the Bani Defendants' motion for partial summary judgment is DENIED.

**IV.    ORDER**

(1)    Plaintiff United's motion for summary judgment is GRANTED.

(2)    Plaintiff United SHALL submit a proposed judgment consistent with this order on or before October 6, 2025.

(3)    The Bani Defendants' motion for partial summary judgment is DENIED.

(4)    This order terminates ECF 162, 164.

Dated:  September 19, 2025

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

24